IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA DISABILITY LAW CENTER, INC.<br><br>Plaintiff,<br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF COMANCHE COUNTY, a political subdivision,<br><br>and<br><br>WILLIAM HOBBS, in his official capacity as Administrator of the COMANCHE COUNTY FACILITIES AUTHORITY, d/b/a Comanche County Detention Center,<br><br>Defendants. | CIV-24-551-R |

## COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND ATTORNEYS FEES

### Introduction

1. This action seeks to enjoin Defendants Board of County Commissioners of Comanche County, the Comanche County Facilities Authority d/b/a the Comanche County Detention Center and William Hobbs, as Administrator of the Comanche County Detention Center ("CCDC") in their official capacities from continuing to violate federal law that grant Plaintiff Oklahoma Disability Law Center ("Plaintiff" or "ODLC") reasonable unaccompanied access to individuals with disabilities detained in the Comanche County Detention Center ("CCDC") for the purpose of fulfilling its

mandate as the Protection & Advocacy system for people with disabilities in Oklahoma.

2.  Due to Defendants' continuing violation of federal law, Plaintiff seeks preliminary and permanent injunctions preventing the Defendants and its agents from denying Plaintiff full, complete, and timely access to monitor all portions of its facility accessible to and used by individuals with disabilities as authorized by the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI Act"), 42 U.S.C § 10801 *et seq.*, the Protection and Advocacy for Individuals with Developmental Disabilities Act ("PADD Act"), 42 U.S.C § 15041 *et seq.* and the Protection and Advocacy of Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e and its implementing regulations.

3.  Further, Plaintiff seeks attorneys' fees and costs and any other relief available under law

4.  Plaintiff files suit and seeks relief as described after making repeated efforts to resolve this matter with the Defendants.

5.  Each paragraph of this Complaint incorporates all others without specific restatement.

## Jurisdiction and Venue

6.  Jurisdiction is vested in this Court pursuant to 28 U.S.C § 1331, which grants the Court original jurisdiction in all actions authorized by 42 U.S.C. § 1983 to

redress the deprivation under color of state law of any rights, privileges or immunities guaranteed by the United States Constitution and Acts of Congress.

7.	Plaintiff's cause of action arises under the PADD Act, the PAIMI Act, the PAIR Act and 42 U.S.C. § 1983.  Attorneys' fees and costs may be awarded pursuant to 42 U.S.C. § 1988,  28 U.S.C. § 2202 and Fed. R. Civ. P. 54.

8.	Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)&(2). Defendants are located in this district, and the events and omissions complained of occurred in this district.

## Parties

9.	Plaintiff is a non-profit corporation duly incorporated in the state of Oklahoma. Plaintiff is designated by the Governor of the State of Oklahoma as the Protection and Advocacy system for people with disabilities in Oklahoma.  Plaintiff files this Complaint in its own name to redress injuries to itself in fulfilling its mandate to protect and advocate for the rights of people with disabilities in Oklahoma.

10.	Because the Plaintiff is designated as the Protection and Advocacy Agency under the PADD Act it automatically receives funding from other Protection and Advocacy grants, including but not limited to the PAIMI Act and the PAIR Act grants.

11.	At all times material to this Complaint, Plaintiff was a "person" under 42 U.S.C. § 1983.

12.     Plaintiff's Oklahoma City office is located at 5600 N. May Ave,, Suite 260, Oklahoma City, Oklahoma 73112.  Its Tulsa office is located at 2816 E. 51st Street, Suite 300, Tulsa, OK 74105.

13.     Congress established the Protection and Advocacy ("P&A") system in 1975 to protect and advocate for the rights of persons with developmental disabilities, and reauthorized the system in the Developmental Assistance and Bill of Rights Act of 2000, 42 U.S.C § 15041 *et seq.* Congress provided P&A systems with the authority to monitor and investigate incidents of abuse and neglect against individuals with developmental disabilities and pursue legal, administrative, and other remedies on their behalf. 42 U.S.C. § 15043(a). Congress thereafter expanded the scope of the P&A system to provide protection and advocacy services to all persons with disabilities. The PAIMI Act provides for the protection of rights of individuals with mental illness, 42 U.S.C. § 10801 *et seq.*; and the PAIR Act was created to protect the rights of all other individuals with disabilities who are not covered under the PADD and PAIMI Acts. 29 U.S.C. § 794e.

14.     Pursuant to these laws, Plaintiff has a federal mandate to protect and advocate for the rights of persons with disabilities in Oklahoma, including individuals with disabilities who are detained in jails. Among other activities, Plaintiff and its agents travel across the state of Oklahoma monitoring conditions and treatment in facilities housing individuals with disabilities. In recent years, Plaintiff has conducted monitoring activities at numerous other jails and correctional facilities housing individuals with disabilities, including but not limited to, the Oklahoma County

Detention Center, Mabel Bassett Correctional Center, James Crabtree Correctional Center, Joseph Harp Correctional Center, John Lilley Correctional Center, Oklahoma State Penitentiary, and the Lawton Correctional Facility.

15. It is Plaintiff's belief that individuals with mental illness, developmental disabilities, and other physical or mental impairments that substantially limit one or more major life activities of such individuals are detained in the CCDC.

16. The Comanche County Facilities Authority d/b/a Comanche County Detention Center is a facility as defined in 42 U.S.C. § 10802(3) and 42 C.F.R. § 51.2.

17. The CCDC is also a location, as provided in 42 U.S.C. § 15043(a)(2)(H), and a service provider, as provided in 42 C.F.R. § 1326.27(c), because services, supports, and other assistance are provided there to individuals with disabilities.

18. Pursuant to 57 O.S. §1, the CCDC is under the direction of the Defendant Board of County Commissioners. Defendant, Board of County Commissioners of Comanche County has oversight authority over the CCDC and is required to inspect the jails in their county at least once each year, and shall fully examine the health, cleanliness and discipline conditions of the jail.

19. Defendant William Hobbs is the Jail Administrator for the Comanche County Facilities Authority d/b/a Comanche County Detention Center and has "charge of the county jail of his county and of all persons by law confined therein" pursuant to 57 O.S. § 47.

20. At all times and in all actions material to this Complaint, Defendants were "persons" under 42 U.S.C. § 1983 and acted under color of law.

**Statement of Facts**

21.     On January 23, 2024, Plaintiff's agent, Faythe McMillin, contacted the CCDC to speak with Defendant William Hobbs. The purpose of the call was to provide details about the Plaintiff's federal access authority to perform a monitoring visit. The receptionist for Defendant William Hobbs, Sandy MacDonald, would not allow Ms McMillin to speak with Mr. Hobbs and told her she would forward him any information the ODLC provided regarding their request for access.

22.     On January 23, 2024, at approximately 11:20 am Ms. McMillin sent an email to Ms. MacDonald providing details about the ODLC's federal access authority to perform a monitoring visit and requested access to the CCDC.

23.     On January 24, 2024, Ms. McMillin followed-up with Ms. MacDonald via email stating that the ODLC would visit the CCDC on January 31, 2024, at 1:00 pm if she did not hear back from Mr. Hobbs. Mr. Hobbs responded that CCDC could not honor the ODLC's request for access until it had been reviewed by counsel.  He cc'd the following individuals or groups on the reply email: Taren Cabelka, Corinne Owensby, and Collins, Zorn & Wagner, PLLC.

24.     On January 25, 2024, Ms. McMillin went to the Comanche County District Attorney's office and asked the receptionist whether they represented the CCDC.  The receptionist told Ms. McMillin that Taren Cabelka was the attorney for the CCDC.

25.     On January 26, 2024, Ms. McMillin called Ms. Cabelka's office and was told Ms. Cabelka was in trial. Ms. McMillin left a detailed message for Ms. Cabelka's receptionist to pass on to her.

26.     On January 30, 2024, Ms. McMillin called Ms. Cabelka's office to follow-up after not hearing from her. Her receptionist stated she had given Ms. Cabelka the message but she was still in court.

27.     On January 31, 2024, Ms. McMillin emailed Ms. Cabelka detailed information on the ODLC's federal access authority to perform a monitoring visit. The email also stated the ODLC would be at the CCDC on February 9, 2024, to monitor the facility.

28.     On February 1, 2024, Ms. McMillin was at the CCDC for a client visit. While leaving the CCDC she told the woman at the front desk she would be back to the CCDC for a monitoring visit on February 9, 2024.

29.     On February 9, 2024, Faythe McMillin and Michelle Kruse, another ODLC agent, arrived at the CCDC at approximately 11:50 am. They introduced themselves as employees of the ODLC and explained the purpose of their visit to CCDC. CCDC staff stated that no one had told them about the ODLC's visit to the CCDC and refused Ms. McMillin and Ms. Kruse access to the facility. Ms. McMillin and Ms. Kruse asked to speak with Defendant Hobbs but their request was denied.

30.     Ms. McMillin and Ms. Kruse left the CCDC and went to Ms. Cabelka's office to see if she was available to talk with them. They told the receptionist they had been denied entry to the CCDC and asked to speak with Ms. Cabelka. The receptionist confirmed Ms. Cabelka had received Ms. McMillin's email requesting access to the CCDC and providing the ODLC's federal access authority. She went on to explain Ms. Cabelka had been in trial all week and that is why she had not

responded to Ms. McMillin's email. The receptionist stated Ms. Cabelka was in a meeting and would call Ms. McMillin when she was free.

31.	On February 12, 2024, because there had been no contact from Ms. Cabelka, Ms. McMillin sent an email to Ms. Cabelka, again requesting a response. Ms. McMillin copied Comanche County Commissioners John O'Brien, Johnny Owens and Josh Powers in the email. The email stated that if she did not hear from Ms. Cabelka by the end of the business day on February 13, 2024, the ODLC would consider this a denial of access. The ODLC never received a response to this request.

32.	On April 18, 2024, Plaintiff's agent, Joy Turner, sent a certified letter to Comanche County Commissioners John O'Brien, Johnny Owens and Josh Powers providing details about the Plaintiff's federal access authority to perform a monitoring visit and requesting access to the CCDC. The letter stated that if she did not hear from the Commissioners by the end of the business day on Thursday April 25, 2024, the ODLC would consider this a denial of access.

33.	To date, the ODLC has not been granted access to the CCDC.

## Legal Claims

**First Claim for Relief: Based on Violation of the PAIMI Act, Implementing Regulations, and 42 U.S.C. § 1983.**

34.     As the designated Protection & Advocacy system for individuals with disabilities in Oklahoma, Plaintiff has access to public and private facilities in Oklahoma providing care or treatment to individuals with mental illness. 42 U.S.C. § 10805(a)(3).

35.     Plaintiff is charged to monitor compliance with respect to the rights and safety of individuals with mental illness. 42 C.F.R. § 51.42(c)(2).

36.     Plaintiff is also charged to provide information and training about individual rights and services available from the protection and advocacy system, including its contact information, to individuals with mental illness. 42 C.F.R. § 51.42(c)(1).

37.     Plaintiff is authorized to have reasonable unaccompanied access to residents at reasonable times, which shall include normal working hours and visiting hours. Residents include adults or minors who have legal guardians or conservators. 42 C.F.R. § 51.42(c).

38.     Unaccompanied access to residents includes the opportunity to meet and communicate privately with individuals regularly, both formally and informally, by telephone, mail and in person. 42 C.F.R. § 51.42(d). 37. Defendants' refusal to provide Plaintiff with reasonable unaccompanied access to speak with residents violates the PAIMI Act and its implementing regulations.

39. Defendants have acted under color of state law to deprive Plaintiff of federal rights under the PAIMI Act.

40. Defendants' violation of the PAIMI Act and its implementing regulations frustrates and interferes with Plaintiff's federal mandate to protect people with disabilities in Oklahoma; provide legal advocacy for people with disabilities; determine whether an investigation by Plaintiff should be conducted; and determine whether corrective action should be taken.

41. Defendants' violation of the PAIMI Act and its implementing regulations frustrates the rights of individuals with mental illness incarcerated at CCDC to have access to a meaningful and effective protection and advocacy system.

42. Pursuant to 42 U.S.C. § 10805(a)(1)(B) Plaintiff is authorized to pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in Oklahoma.

43. Plaintiff is entitled to relief under 42 U.S.C. § 10805(a)(3), 42 C.F.R. § 51.41(c), and 42 U.S.C. § 1983.

**Second Claim for Relief: Based on the Violation of the PADD Act, Implementing Regulations, and 42 U.S.C. § 1983**

44. Plaintiff is authorized to have access at reasonable times to any individual with a developmental disability in any location in which services, supports, and other assistance are provided to such an individual. 42 U.S.C. § 15043(a)(2)(H).

45. Plaintiff is authorized to have unaccompanied access to individuals with developmental disabilities including, but not limited to, the opportunity to meet and

communicate privately with individuals regularly, both formally and informally, by telephone, mail, and in person. 45 C.F.R. § 1326.27(d).

46.     Defendants' refusal to allow Plaintiff reasonable unaccompanied access to speak with individuals with developmental disabilities at the CCDC violates the PADD Act and its implementing regulations.

47.     Defendants have acted under color of state law to deprive Plaintiff of federal rights under the PADD Act.

48.     Defendants' violation of the PADD Act and its implementing regulations frustrates and interferes with Plaintiff's federal mandate to protect people with developmental disabilities disabilities in Oklahoma; provide legal advocacy for people with disabilities; determine whether an investigation by Plaintiff should be conducted; and determine whether corrective action should be taken.

49.     Defendants' violation of the PADD Act and its implementing regulations frustrates the rights of individuals with developmental disabilities incarcerated at the CCDC to have access to a meaningful and effective protection and advocacy system.

50.     Pursuant to 42 U.S.C. § 15043(a)(2)(A)(i), Plaintiff is authorized to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within Oklahoma who are or who may be eligible for treatment, services, or habilitation.

51.     Plaintiff is entitled to relief under 42 U.S.C. § 15043(a)(2)(H), 45 C.F.R. § 1326.27(d), and 42 U.S.C. § 1983.

**Third Claim for Relief: Based on Violation of the PAIR Act, Implementing Regulations, and 42 U.S.C. § 1983**

52.	The PAIR Act provides Plaintiff with the authority to serve individuals with disabilities who are not otherwise eligible for protection and advocacy services under either the PADD Act or PAIMI Act. 29 U.S.C. § 794e(a)(1).

53.	The PAIR Act incorporates the same general authorities of access as are found in the PADD Act. 29 U.S.C. § 794e(f)(2).

54.	Plaintiff is authorized to have access at reasonable times to any individual with a disability in any location in which services, supports, and other assistance are provided to such an individual. 42 U.S.C. § 15043(a)(2)(H).

55.	Plaintiff is authorized to have unaccompanied access to individuals with a disability including, but not limited to, the opportunity to meet and communicate privately with individuals regularly, both formally and informally, by telephone, mail, and in person. 45 C.F.R. § 1326.27(d).

56.	Defendants' refusal to allow Plaintiff reasonable unaccompanied access to speak with individuals at the CCDC violates the PAIR Act and its implementing regulations.

57.	Defendants have acted under color of state law to deprive Plaintiff and individuals with disabilities incarcerated at the CCDC of federal rights under the PAIR Act.

58.	Defendants' violation of the PAIR Act and its implementing regulations frustrates and interferes with Plaintiff's federal mandate to protect people with

disabilities in Oklahoma, provide legal advocacy for people with disabilities, determine whether an investigation by Plaintiff should be conducted, and determine whether corrective action should be taken.

59. Defendants' violation of the PAIR Act and its implementing regulations frustrates the rights of individuals with disabilities incarcerated at the CCDC to have access to a meaningful and effective protection and advocacy system.

60. Pursuant to 29 U.S.C. § 794e(f)(3), Plaintiff is authorized to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within Oklahoma who are or who may be eligible for treatment, services, or habilitation.

61. Plaintiff is entitled to relief under 29 U.S.C. § 794e(f)(2) and 42 U.S.C. § 1983.

## Necessity for Injunctive Relief

62. The Defendants have acted and continue to act in violation of the law as explained above. Plaintiff and the individuals it is mandated to serve do not have any other adequate remedy at law and will be irreparably harmed if Defendants are permitted to continue blocking Plaintiff's access to monitor individuals at the CCDC.

## Prayer for Relief

WHEREFORE, premises considered, Plaintiff requests that the Court grant the following relief:

A. Enter a declaratory judgment that Defendants' refusal to provide the ODLC with access to the CCDC and continued refusal to allow the ODLC to communicate

with all individuals incarcerated in the CCDC violates the PAIMI, PADD and PAIR Acts.

B.        Enter a declaratory judgment that Defendants' refusal to provide the ODLC access to the CCDC consistent with the PAIMI, PADD and PAIR Acts was done under color of state law and in violation of 42 U.S.C. § 1983.

C.        Grant permanent injunctive relief requiring Defendants to provide the ODLC with immediate access to the CCDC and the individuals housed therein consistent with the ODLC's federal monitoring authority under the PAIMI, PADD and PAIR Acts.

D.        An award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

E.        Any other relief that the Court deems appropriate.

Respectfully Submitted,
Oklahoma Disability Law Center, Inc.

/s/ Brian S. Wilkerson
Brian S. Wilkerson, OBA #17165
Nick Southerland, OBA #31234
Joy J. Turner, OBA # 18482
Oklahoma Disability Law Center, Inc.
2816 E. 51st Street, Suite 300
Tulsa, OK 74105
918-347-5146 (phone and fax)
brian@okdlc.org
nick@okdlc.org
joy@okdlc.org
ATTORNEYS FOR PLAINTIFF